288

312 P.2d 567

John W. SPENCER, Plaintiff and Appellant,

v.

L. C. CROWTHER, F. Clark Sanford, Odes B. Record, Chief of Police of Salt Lake City, Utah; Calvin Behle, Edward M. Morrissey, James Armstrong, Elliott W. Evans and Andrew John Brennan, Members of the Civil Service Commission of Salt Lake City, Utah; Ben E. Lingenfelter, L. C. Romney, Earl J. Glade, Joe L. Christensen, Grant M. Burbidge and Lyle B. Nicholes, Members of the City Commission of Salt Lake City, Utah, and Salt Lake City, Utah, a Municipal Corporation, Defendants and Respondents.

No. 8538.

Supreme Court of Utah.

June 13, 1957.

Arthur A. Allen, Jr., Fred L. Finlinson, Salt Lake City, for appellant.

Homer Holmgren, City Atty., Salt Lake City, for respondent.

WORTHEN, Justice.

Appeal from a judgment of no cause of action entered in a suit instituted by plaintiff for alleged unlawful discharge on June 1, 1951, from his position as a Salt Lake City police officer.

The court found that plaintiff was not, on May 29, 1951, or on June 1, 1951, a qualified resident and elector of Salt Lake City, Utah, within the meaning of Section 10-6-

6, U.C.A.1953. The court also found that plaintiff had not been a qualified resident and elector for several years prior to June 1, 1951, and was not such during the remainder of 1951.

Section 10-6-6, U.C.A.1953 provides:

" * * * No person shall be eligible to any office, elective or appointive, who is not a qualified elector of the city or town, * * *."

The court then concluded that plaintiff was lawfully discharged by defendants and entered a judgment in their favor.

The only question presented on appeal is the correctness of the court's finding that plaintiff was not a qualified resident and elector of Salt Lake City, which finding was based on the facts in the case as follows.

Plaintiff was employed as a police officer by the Salt Lake City Police Department from 1938 to June 1, 1951, when he was suspended for being a nonresident of the city; plaintiff's suspension continued to September 4, 1951, when he was discharged for his failure to establish his residence within Salt Lake City.

Prior to 1948, plaintiff lived with his wife and child within Salt Lake City limits. On May 28, 1948, on the advice of a physician, for his son's health, plaintiff and his family moved outside the city and on or about November 24, 1948, he bought a home at 2111 Walker Lane, outside Salt Lake City, where they lived. Plaintiff's wife and son continued to live at the home property at 2111 Walker Lane until after September 4, 1951. Plaintiff's son attended the Oakwood School during 1948, 1949, 1950 and 1951. The school was not a part of the Salt Lake City School System. The address of plaintiff's son was listed at the school as 2111 Walker Lane, and plaintiff and his wife were listed as his parents or guardians. On his 1949, 1950 and 1951 income tax returns plaintiff gave his address as 2111 Walker Lane.

It is admitted that plaintiff, his wife and child lived together at 2111 Walker Lane during all of 1949 and the early part of 1950. In the spring of 1950, plaintiff was advised by defendant Crowther that plaintiff would lose his job unless he moved back into the city. Plaintiff consulted the City Attorney, and he testified that he was informed that residence was largely a matter of intention. Plaintiff thereupon rented a room within the limits of Salt Lake City, where he slept, except for the time spent with his wife at his home at Walker Lane; he ate no meals in the room but did receive mail and phone calls. Clothes needed by him were taken to the room, although most of his clothes were at home in Walker Lane. He brought no cooking utensils. His wife and child continued at all times herein discussed to reside at the Walker Lane home and never moved into the city.

Plaintiff and his wife were not estranged or separated, and plaintiff visited her and the child almost every day at the home in Walker Lane; plaintiff often ate meals at home with his wife and worked on the yard and occasionally spent the night there, as well as his days off. Plaintiff changed his rooming house twice, but did not materially alter his conduct. During all the times that plaintiff rented rooms within the city while his wife and child lived in the home at Walker Lane—from about April, 1950, to June 1, 1951,—plaintiff's wife did his laundry and other household duties at the home where she lived. Plaintiff freely admitted that his only reason for coming back within the city was to enable him to claim the status of a resident and elector of the city. Plaintiff concedes that he would have continued to reside at 2111 Walker Lane during the period in question had it not been for the requirements that he be a city resident. Plaintiff testified that he had attempted to sell his Walker Lane home so that he and his family could move into the city.

It was stated in oral argument that plaintiff consulted with the Salt Lake City Attorney before he moved from the city to property at Walker Lane about his being disqualified to hold his position if he moved out of the city and was advised as we have indicated herein. We assume that the statement was not intended as made because an examination of the record discloses that appellant moved out of the city at least two years before he ever discussed the matter with the City Attorney.

Testimony was given that a few days before plaintiff was suspended, it was suggested that plaintiff move back into the city to avoid being suspended, and he said, "No ——— ——— so-and-so is going to make me move in the city * * *. My little boy is sick and can't live in the city anyway because of the smoke."

It also appears that about July 9, 1951, a meeting was held with plaintiff, certain city officials and members of the Civil Service Commission at which time it was agreed that plaintiff would be given to September, 1951, to move back into the city. Having failed to move back, plaintiff was discharged.

We are of the opinion that the trial judge did not err in holding that plaintiff, between April, 1950, and June 1, 1951, was not a qualified elector of Salt Lake City, Utah, and that the suspension of plaintiff on June 1, 1951, and his discharge on September 4, 1951, were justified.

Judgment affirmed. No costs awarded.

McDONOUGH, C. J., and CROCKETT and WADE, JJ., concur.

HENRIOD, J., concurs in the result.